UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIN MCALISTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00050-JRS-TAB |
| | ) |
| EQUIFAX INFORMATION SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

**Order on Motion for Judgment on the Pleadings**

**I.   Introduction**

This is a consumer credit reporting case.  Plaintiff Erin McAlister sues Defendant Equifax Information Services, LLC, to challenge its reporting of her now closed student loan accounts.  McAlister brings claims under the Fair Credit Reporting Act (the "FCRA" or "Act"), 15 U.S.C. § 1681 *et seq.*, for willful and negligent violations of the Act, and seeks actual, statutory, and punitive damages as provided therein.

Transunion, LLC, was formerly a defendant in this case but has been dismissed. (ECF No. 38.)  The joint motions filed by Transunion and Equifax will be treated as Equifax's only.

Now before the Court, then, is Equifax's Motion for Judgment on the Pleadings, (ECF No. 20).

## II.   Background

Plaintiff Erin McAlister is a consumer debtor. (Pl.'s Compl. ¶ 5, ECF No. 1.) Equifax is a credit reporting agency. (Pl.'s Compl. ¶ 6; Def.'s Answer ¶ 4, ECF No. 18.)

McAlister once had five student loan accounts with the U.S. Department of Education. (Pl.'s Compl. ¶ 13.) Those accounts were closed and transferred to other lenders between 2016 and 2019. (*Id.* ¶ 15.) Nevertheless, Equifax continued to include the accounts on McAlister's credit report. (*Id.* ¶ 15; Def.'s Mot. J. Pleadings, Attach. 2, Ex. A 16–19.) For each account the balance showed $0, and the "status" field indicated that the account, though closed, had been over 120 days past due. (Def.'s Mot., Attach. 2, Ex. A 16–19.)

In August 2021, McAlister disputed Equifax's report of the closed accounts. (Pl.'s Compl. ¶ 21.) Equifax responded on September 7, 2021, with a reinvestigation report affirming the accuracy of its previous reports, including the "status" field. (Def.'s Mot. J. Pleadings, Attach. 2, Ex. A 14, 16–19.)

McAlister, dissatisfied with the results of the investigation, filed this lawsuit, alleging willful and negligent violations of the FCRA that have caused her "concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial." (Compl. ¶¶ 45, 52.)

2

### III.   Legal Standard on Motion for Judgment on the Pleadings

Equifax brings its motion under Rule 12(c). That rule provides: "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion "should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020) (quoting *Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020)). Thus, "the moving party must demonstrate that there are no material issues of fact to be resolved." *Id.* (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998)). And, "as with a motion to dismiss, the court views all facts and inferences in the light most favorable to the non-moving party." *Id.* (citing *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993)).

Usually, the "pleadings" for consideration on a Rule 12(c) motion only "include the complaint, the answer, and any written instruments attached as exhibits." *Id.* at 312–13 (quoting *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452 (citing Fed. R. Civ. P. 10(c))). However,

> It is also well-settled in this circuit that "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). "[T]his is a narrow exception" to the general rule that when additional evidence is attached a motion to dismiss, "the court must either convert the 12(b)(6) motion into a motion for summary judgment under Rule 56 . . . or exclude the documents attached to the motion to dismiss and continue under Rule 12." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).

> While narrow, this exception is "aimed at cases interpreting, for example, a contract." *Id.*

*188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). The Court finds that exception applicable here. This case turns on alleged inaccuracies in Equifax's credit reinvestigation report, which was not attached either to McAlister's Complaint, (ECF No. 1), or to Equifax's Answer, (ECF No. 18), but was attached to Equifax's Motion for Judgment on the Pleadings, (Def.'s Mot. J. Pleadings, Attach. 2, Ex. A). That document is the only document necessary to resolve the case; it is the acid test against which McAlister's allegations must be measured. It probably ought to have been included by McAlister in the first instance—Rule 12 cannot be evaded by omitting the real basis for her claims. *188 LLC*, 300 F.3d at 735 ("The purpose of the exception is to prevent parties from surviving a motion to dismiss by artful pleading or by failing to attach relevant documents."). Furthermore, both parties argue the reinvestigation report's provisions in their briefing without disputing its authenticity. The Court therefore holds that the reinvestigation report, attached as Exhibit A to Equifax's Motion for Judgment on the Pleadings, is incorporated into the pleadings and properly to be considered on this Rule 12(c) motion.

### IV. Discussion

#### A. Fair Credit Reporting Act

The Fair Credit Reporting Act requires that consumer reporting agencies, including Equifax, make reasonable efforts to ensure the accuracy of consumer reports and resolve promptly consumer disputes about report accuracy. 15 U.S.C. §§ 1681e(b), 1681i(a). As a threshold matter, "a plaintiff advancing §§ 1681e(b) and

4

1681i(a) claims must allege a credit report contained inaccurate information." *Denan v. Trans Union LLC*, 959 F.3d 290, 298 (7th Cir. 2020).

Here, McAlister alleges that "[t]he . . . information furnished by the US Dept of Education and published by [Equifax] is inaccurate since the accounts contain an incorrect current payment status." (Pl.'s Compl. ¶ 14, ECF No. 1.) She alleges further that "[t]he pay status [field] . . . is specifically designed to be understood as the current status of the account" and "it is showing as '120 days past due'" not "closed." (Id. ¶ 17.) McAlister does not allege that her accounts were not at time of closure 120 days past due; instead she alleges that the Equifax report inaccurately shows a present status of 120 days past due.

Those allegations are contradicted by the document itself. The Court has Equifax's reinvestigation report before it. (Def.'s Mot. J. Pleadings, Attach. 2, Ex. A 16–19.) The report has the five disputed accounts listed as five separate entries. (*Id.*) Each account entry has a "Balance Amount" field, which reads "$ 0" and a "Date Closed" field, which reads "06/2019" for four entries and "11/2016" for the other. (*Id.*) Each account entry also has a "status" field, which in each case reads, "Account closed; was over 120 Days Past Due." (*Id.*) Below, in the "Additional Information" section, each entry has the note, "This Creditor has verified to our company that the current status is being reported correctly." (*Id.*)

The Court finds these entries unambiguous as can be: the Equifax report shows that McAlister's five student loan accounts (1) are closed; (2) have $0 balances; (3) were more than 120 days past due at time of closure; and (4) were verified as such by

5

the creditor Department of Education. McAlister alleges no inaccuracy in any of those conclusions.

It is unnecessary to consider McAlister's protracted briefing on the ways in which the Equifax report could be misleading to humans or computers. It is equally unnecessary to consider McAlister's argument that the creditor's verification of the accounts' "current status" at the time of reinvestigation could somehow make the entry "was 120 Days Past Due" read "[is] 120 Days Past Due." Those arguments are not well taken when read with the document in hand. McAlister, indeed, seems to argue an entirely different case than the one before the Court.

In sum, it "appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position," and "there are no material issues of fact to be resolved." Equifax's Motion for Judgment on the Pleadings, (ECF No. 20), is therefore **granted.**

### B. Warning

The Court, finally, warns Plaintiff's counsel that he sails perilously close to the wind. Rule 11(b) requires that counsel's representations to the court be "nonfrivolous" and "have evidentiary support." Fed. R. Civ. P. 11(b). The Court has some doubt that counsel has in fact bothered to read the documentary evidence in this case; at the very least, the Court suspects a copy-and-paste job for counsel's briefing. Reading Plaintiff's Response, (ECF No. 24), the Court finds scads of inaccuracies. To cite a few: counsel argues "[i]t is unquestionably true that Plaintiff's credit report was inaccurately reporting a current delinquency of 60 days"—but the delinquency in this case is 120 days. Counsel repeatedly refers to a "pay status"

6

section on the investigation report and argues "the payment status clearly reflects the current status of the account"—but Equifax's section is titled only "status" and, as detailed above, unambiguously says "account closed; was over 120 Days Past Due." Counsel claims "at least two other cases in this jurisdiction" support his theory—then proceeds to cite Florida district courts.

The Court reminds counsel that his filings have consequences. The Court must take the time and effort conscientiously to weigh his arguments; it must take the time and effort to write a thorough and accurate disposition of the case. Frivolous filings disrespect that effort. The Court expects better.

V. Conclusion

Defendant Equifax's Motion for Judgment on the Pleadings, (ECF No. 20), is **granted.**

Plaintiff Erin McAlister's claims are **dismissed with prejudice.**

Final judgment shall issue separately.

**SO ORDERED.**

Date: 08/29/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to registered counsel of record.